■ In the Matter of MORGAN D. RYAN, Petitioner, against SUPREME COURT OF THE STATE OF NEW YORK et al., Respondents.—Proceeding pursuant to article 78 of the Civil Practice Act in the nature of prohibition against a Trial Term of the Supreme Court and the Justice thereof. The problem pre-

sented in this article 78 proceeding in the nature of prohibition against a Trial Term of the Supreme Court and the Justice thereof, is whether the court had been so adjourned as to prevent its being reconvened by the Justice to receive a report of a grand jury. Petitioner has been indicted by the Grand Jury which reported to a reconvened term of the court. Upon the argument of the proceeding in this court the facts are conceded on our record and no triable issue of fact remains. The March 1959 term of the Ulster County Supreme Court had been convened in due course by Mr. Justice DECKELMAN and a Grand Jury was impaneled. On March 31 the Justice excused the Grand Jury with the statement that the Code of Criminal Procedure "provides that a grand jury may not be discharged until the first day of the next term of the Supreme Court at which a grand jury is directed to be present  *  *  *  I am going to excuse you now until the first day of October 1959 term of the Supreme Court  *  *  *  unless in the meantime you are ordered to reconvene on the application of the District Attorney or upon the application of a person held to answer  *  *  *  Recess the court." A short time later on the same day the Justice reconvened the court for a civil matter, and after considering that matter, said to the clerk: "Now, Mr. Clerk, you may adjourn the court *sine die*". He added: "and I am going to adjourn this court to my chambers", apparently to undertake consideration of an undecided case. Before the enactment of Code of Criminal Procedure, section 244, an unequivocal adjournment of a term of the Supreme Court ended the jurisdiction of such a term to make judicial determinations. (*Matter of Reynolds* v. *Cropsey*, 241 N. Y. 389.) But this section of the Code requires that the term of the court "shall  *  *  *  be adjourned to the opening of the next term of said court for which a grand jury has been designated". It also provides that such Grand Jury "may be reconvened  *  *  *  by order of the court". This provision makes it clear that it is the statutory duty of the Trial Judge to keep open the term of court so that it may be reconvened at any time before the opening of the next term to receive a report of the Grand Jury. It is clear in this case that in continuing the jury and directing the clerk in immediate context of this continuation to "recess the court" the Judge intended to follow the statutory mandate and that the term was continued and could be reconvened in connection with any further report or reports of the Grand Jury. We are not called upon within this record to decide what might be the effect of a clear direction by a presiding justice unconditionally to close a term in contravention of the statute. Here the Justice was plainly stating in his direction for "recess" that he was following and not avoiding the statute; and that he was holding the term open for the statutory purposes. His later statement that the term was being "adjourned sine die" and his still later statement that it was being adjourned to chambers did not vitiate the effect of the prior order recessing the court in accordance with the mandate of the Code of Criminal Procedure. We are of opinion the term was continued in accordance with the statutory purpose and that it had jurisdiction to receive the indictment against petitioner. An additional point is raised by petitioner against the jurisdiction of the March Trial Term to receive the indictment, that a Grand Jury organized by the Ulster County Court had not been discharged and had heard testimony before and after July 28, the date on which the order of the March Trial Term of the Supreme Court was entered directing the Grand Jury to reconvene. The County Court Grand Jury had been called into session and was in session August 5, the same date that the Supreme Court Grand Jury reconvened. Section 244 provides that the "grand jury so recessed may be reconvened  *  *  *  provided no other grand jury competent to hear the charge is in

session in the county." The record does not show that the County Court Grand Jury was actually "in session" on July 28, although it had not been discharged. The directory provisions of the statute setting up conditions for the reconvening of a grand jury necessarily relate to the situation at the time of the entry of the order reconvening the jury; and if that order is properly made, the coincidence that another grand jury may also later come together on the same day does not retroactively vitiate the order. Moreover, the jurisdiction of a properly convened term of the Supreme Court to receive a report of its grand jury would not in any event be lost because of a collateral session of another court which might also have jurisdiction. Whatever procedural arguments may be pursued, one way or another, it is clearly the holding made in *People* v. *Stern* (3 N Y 2d 658) that a grand jury organized and continued by a court properly in session has the power to return, and the court the power to receive, the indictment whether or not another grand jury may be in session also competent to consider the charge. Petition dismissed on the merits and final order directed for respondent, without costs. Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ., concur.